## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00934-RM-MJW

NEOMEDIA TECHNOLOGIES, INC.,
a Delaware corporation,

        Plaintiff,

v.

RE/MAX LLC,
a Delaware limited liability company,

        Defendant.

---

### PROTECTIVE ORDER [ Docket No. 23-1 ]

---

    The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

    The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

### DEFINITIONS

1.    The term "Confidential Information" will mean and include information contained

or disclosed in any Materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that satisfies the requirements set forth herein for designation as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.      The term "Materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.      The term "counsel" will mean in-house counsel, outside counsel of record; other attorneys, paralegals, secretaries, and other support staff employed in the law firms that have filed appearances in this action; and third-party vendors hired by any of the foregoing to assist them with e-discovery and/or document preparation, copying, and processing in this action, only for purposes of assisting in this action.

<u>GENERAL RULES</u>

4.      Each party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and

transcripts of trial testimony and depositions, or information that contains Confidential Information may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

     a.    Designation as "CONFIDENTIAL": Any party may designate Material as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, (a) the Material is nonpublic, proprietary, commercially sensitive, or falls within the term 'trade secret' and (b) disclosure of such Material without restriction would be detrimental to that party in the conduct of its business and cause cognizable harm.

     b.    Designation as "CONFIDENTIAL - ATTORNEYS' EYES ONLY": Any party may designate Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or a similar marking, such as "CONFIDENTIAL – COUNSEL'S EYES ONLY", etc.) only if, in the good faith belief of such party and its counsel, (a) the Material qualifies for designation as "CONFIDENTIAL" under the preceding paragraph; and (b) the Material (1) identifies the producing party's suppliers, distributors, business affiliations, or customers; (2) identifies the producing party's costs of acquiring products; (3) identifies the producing party's profit or profit margin from the sale of products or services; (4) contains other business information that would place the person at a competitive disadvantage if learned by any party or person; or (5) contains other information as to which the disclosing person has a reasonable basis for claiming heightened protection, provided that counsel for the producing party has reviewed the Material in the course of forming the requisite good faith belief that the Material is entitled to heightened protection.

5.      In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6.      Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a.      If during a deposition any testimony is elicited that qualifies as Confidential Information of any party, then the portion of the deposition in which such Confidential Information is discussed may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, by that party, and will thereafter be treated as such under the terms of this Order.  Such designation will preferably be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings.  A party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

b.      The disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and any other person(s) entitled under this Order to have access to the Confidential Information.

c.      The originals of a designated deposition transcript and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as appropriate, and any party seeking to file the original or any copy of a deposition transcript so designated must seek the Court's approval to file the same under seal.

7.      All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order, must be handled in the manner set forth herein and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.      Information designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court. In advance of providing any Confidential Information of the producing party to the expert, the party seeking approval of an independent

5

expert must provide the producing party with the name and curriculum vitae of the proposed independent expert and an executed copy of the form attached hereto as Exhibit A.  The party seeking approval of a proposed independent testifying expert must also provide a list of all matters in which the proposed independent testifying expert has offered testimony in deposition, at a hearing, or at trial, in the preceding four years, and a list of all consultancies of the independent expert during the same time period.  Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within seven (7) business days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the seven (7) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9.      Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below:

(a)      The officers, directors, employees, and agents of the Parties, only for purposes of assisting in this action;; and

(b)      Stenographic and clerical employees associated with the individuals identified above, including deposition reporters engaged in connection with this litigation, only for purposes of assisting in this action.

10.      With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11.     All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12.     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under ~~seal~~ Restricted Access, consistent with D.c.colo.lcivr 7.2

13.     At any stage of these proceedings, any party may object to a designation of the Materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The Materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14.     All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is

disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15.    No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16.    If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY".

17.    Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18.    Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

19.    This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20.    Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21.    Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22.     The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) is already public knowledge, or becomes public knowledge during the course of this action other than by disclosure of the receiving party, its employees or agents, in violation of this Order; or (c) has come into the receiving party's legitimate knowledge independently of the production by the designating party. Any claim of public knowledge under (b) above or of legitimate knowledge under (c) above must be established by documentation.

23.     The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

24.     Transmission by electronic mail is acceptable for all notification purposes within this order.

25.     This Order may be modified by agreement of the parties, subject to approval by the Court.

26.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED this 30ᵀᴴ day of October 2013

Michael J. Watanabe
United States Magistrate Judge

10