IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00934-RM-MJW

NEOMEDIA TECHNOLOGIES, INC.,
a Delaware corporation,

        Plaintiff,

v.

RE/MAX LLC,
a Delaware limited liability company,

        Defendant.

---

## ORDER REGARDING E-DISCOVERY [Docket No 23-2]

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified in the Court's discretion or by agreement of the parties.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in any requested cost-shifting determinations.

4. Absent a showing of good cause, ESI produced in response to general production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata. However,

fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production, if such fields exist.

5. General production requests under Federal Rules of Civil Procedure 34 and 45 shall include responsive ESI, but shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

6. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and relevant financial information. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

7. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

8. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant

2

to this paragraph, and maintain such email production requests after notice from the receiving party that the requests exceed the ordered or agreed-upon limits, the requesting party shall bear all reasonable costs caused by such additional discovery.

9. Each requesting party shall limit its email production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, and maintain such email production requests after notice from the receiving party that the requests exceed the ordered or agreed-upon limits, the requesting party shall bear all reasonable costs caused by such additional discovery.

10. The receiving party shall not use ESI or email that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

11. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI or email is not a waiver in the pending case or in any other federal or state proceeding.

12. The mere production of ESI or email in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

13. Except as expressly stated, nothing in this Order affects the parties' discovery obligations under the Federal or Local Rules.

Dated this 30TH day of October, 2013.

BY THE COURT:

Michael J. Watanabe
United States Magistrate Judge